McGREGOR W. SCOTT
United States Attorney
YOSHINORI H. T. HIMEL #66194
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2760

RONALD J. TENPAS, Acting Assistant Attorney General
JEAN E. WILLIAMS, Section Chief
LAWSON E. FITE, Trial Attorney, Oregon Bar No. 05557
Wildlife & Marine Resources Section
U.S. Department of Justice
Environment & Natural Resources Division
Benjamin Franklin Station, P.O. Box 7369
Washington, D.C. 20044-7369
(202) 305-0217 (telephone)

Attorneys for Federal Defendants

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOUTH YUBA RIVER CITIZENS LEAGUE and FRIENDS OF THE RIVER,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL MARINE FISHERIES SERVICE, et al.,<br><br>Defendants. | 2:06-CV-02845-LKK-JFM<br><br>**SYRCL'S AND NMFS'S STIPULATION AND ORDER FOR COMPROMISE SETTLEMENT OF FOIA CLAIMS** |

     Plaintiff SYRCL and defendant NMFS, as the parties to the recently-litigated claims under the Freedom of Information Act, have arrived at a Settlement Agreement covering all four of the FOIA requests to NMFS that have been or might be litigated in this action, and all issues of compliance with the Order filed June 20, 2008. A copy of that agreement is attached hereto as Exhibit A. They therefore stipulate, subject to the approval of the Court as provided for hereon, as follows:

SYRCL'S AND NMFS'S STIPULATION AND ORDER FOR COMPROMISE SETTLEMENT OF FOIA CLAIMS    Page 1

1. That the Court extend the deadlines for response to FOIAs 3 and 4, *see* Order filed June 20, 2008, part IV, paragraph 2, as detailed in the Settlement Agreement.  The period of the requested extension for response to FOIA 3 is 87 days, from April 29 to July 25, 2008.  The requested extension for final response to FOIA 4 is 158 days, from June 5 to November 10, 2008.  There has been no previous extension of these deadlines.

2. That the Court approve SYRCL's waiver of FOIA 2 item 23 and certain numbered items in FOIA 4 as detailed in the Settlement Agreement.

3. That the Court vacate the order to produce *Vaughn* declarations or indices addressing the deliberative process privilege asserted for documents responsive to FOIA 2 item 23, *see* Order, part IV, paragraph 3.

4. That no FOIA request made after FOIA 4 may be litigated in this action.  Nothing in this paragraph waives any right to make other FOIA requests or to litigate them in other actions.

5. That NMFS has discharged all its record disclosure obligations under FOIAs 1 through 3 and some of those under FOIA 4, and that all remaining record disclosure obligations under FOIA 4 are subsumed in the Settlement Agreement.

6. That the parties have waived any contention that a motion for an award of FOIA attorney's fees or a cost bill, for amounts incurred in litigating FOIAs 1 through 4, if filed by November 10, 2008, is too late.  Nothing in this paragraph waives any contention that a fees motion or cost bill is premature.

7. That the Court retain FOIA jurisdiction limited to enforcing compliance with the terms of the Settlement Agreement and this stipulated order.

Dated:  September 17, 2008  ENVIRONMENTAL ADVOCATES
CHRISTOPHER SPROUL
KELLY FRANGER

*Christopher A. Sproul*

By: _____
CHRISTOPHER SPROUL

1  Dated: September 16, 2008

    McGREGOR W. SCOTT
United States Attorney
RONALD J. TENPAS
Acting Assistant Attorney General
JEAN E. WILLIAMS, Section Chief
LAWSON E. FITE, Trial Attorney

By:   */s/ Y H T Himel*
YOSHINORI H. T. HIMEL
Assistant U.S. Attorney

## ORDER

Upon the stipulation of plaintiff SYRCL and defendant NMFS, after due consideration, it is hereby ORDERED as follows:

1. The Settlement Agreement attached as Exhibit A is APPROVED.

2. The deadlines for response to FOIAs 3 and 4, *see* Order filed June 20, 2008, part IV, paragraph 2, are EXTENDED as detailed in the Settlement Agreement.

3. SYRCL has waived FOIA 2 item 23 and certain numbered items in FOIA 4 as detailed in the Settlement Agreement. The waiver is APPROVED.

4. The order to produce *Vaughn* declarations or indices addressing the deliberative process privilege asserted for documents responsive to FOIA 2 item 23, *see* Order part IV, paragraph 3, is VACATED.

5. No FOIA request made after FOIA 4 may be litigated in this action.

6. NMFS has discharged all its record disclosure obligations under FOIAs 1 through 3 and some of those under FOIA 4. All remaining record disclosure obligations under FOIA 4 are subsumed in the Settlement Agreement.

7. The parties have waived any contention that a motion for an award of FOIA attorney's fees or a cost bill, for amounts incurred in litigating FOIAs 1 through 4, if filed by November 10, 2008, is too late.

8. The Court will retain FOIA jurisdiction limited to enforcing compliance with the terms of the Settlement Agreement and this stipulated order.

It is APPROVED and SO ORDERED.

DATED: September 18, 2008.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOUTH YUBA RIVER CITIZENS LEAGUE and FRIENDS OF THE RIVER,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL MARINE FISHERIES SERVICE, et al.,<br><br>Defendants. | 2:06-CV-02845-LKK-JFM |

SETTLEMENT AGREEMENT

The parties to this Settlement Agreement are plaintiff South Yuba River Citizens League, on behalf of itself, its co-plaintiff, its successors, its assigns and all those in privity with it ("SYRCL"), and defendant National Marine Fisheries Service, on behalf of itself and its successors ("NMFS").  SYRCL and NMFS hereby settle the questions arising from the four Freedom of Information Act ("FOIA") requests to NMFS that have been or might be litigated in this action.

Recitals

A.  SYRCL made FOIA requests to NMFS in August 2006 ("FOIA 1"), October 2007 ("FOIA 2"), March 2008 ("FOIA 3") and May 2008 ("FOIA 4").

B.  SYRCL in December 2006 filed its complaint commencing this action under the Endangered Species Act and FOIA.

C. By Order filed June 20, 2008, the Court (1) found unlawful NMFS noncompliance with FOIA's deadline for responding to FOIAs 1, 2 and 3; (2) ordered NMFS to respond to FOIA 3 and all future requests by SYRCL to NMFS in compliance with the deadlines imposed by 5 U.S.C. §§552(a)(3)(A), (a)(6)(A) and (a)(6)(C)(i); and (3) ordered NMFS to produce, within twenty days of the order, *Vaughn* declarations or indices addressing the deliberative process privilege asserted for documents responsive to FOIA 2 item 23.

  D.  The Court held lawful NMFS's referrals of requested records to other federal agencies under 15 C.F.R. § 4.5, and denied SYRCL summary judgment on its attack on NMFS's referrals in SYRCL's seventh cause of action.  The seventh cause of action had alleged that "[m]any, if not all, of the documents requested by [FOIA 2] are . . . not . . . provided."  The fifth cause of action had alleged that in response to FOIA 1, "NMFS has provided some, but not all of the requested documents."

  E.  The Court concluded that NMFS met its burden to show that its searches were reasonably thorough, concluded that NMFS's use of a start-of-search cutoff date under 15 C.F.R. § 4.5(a) was proper, concluded that NMFS's release of records on a rolling or "piecemeal" basis was proper, concluded that SYRCL had not shown bad faith in the searches, and granted summary judgment to NMFS on SYRCL's eighth cause of action.  That cause of action had alleged a "pattern and practice of improperly delaying its response to FOIA requests," a "pattern and practice of performing a series of piecemeal searches," a "pattern and practice of failing to conduct complete and timely searches for documents and lawfully respond to FOIA Requests within FOIA's statutory deadlines," and that "NMFS is failing to comply with Department of Commerce regulations set forth at 15 C.F.R. section 4.5(a) in searching for all documents responsive to a FOIA request that are in NMFS's possession at the time it commences its search."

  F.  No agency took more than one week from the date of a referral from NMFS to respond directly to SYRCL.  Despite this fact, NMFS intends, as a courtesy to SYRCL, to include in its FOIA 4 referral letters to other agencies language requesting prompt determination by the referred-to agency.

  G.  In or around June 2008, the NMFS Sacramento office's leadership contacted SYRCL's executive director to solicit SYRCL's waiver of certain items in FOIA 4.  The stated reasons were that compliance with those FOIA 4 requests would force the Sacramento office to shut down its efforts to meet its fish protection deadlines, and that compliance would divert staff time costing about $750,000.  Instead of those items, NMFS expressed a willingness to release a May 2008 co-managers' review draft recovery plan.

Exhibit A:  SETTLEMENT AGREEMENT                   Page 2

H.  By letter dated July 3, 2008, SYRCL's counsel initiated settlement discussion between counsel.

I.  The resulting settlement discussion sought to avoid costly and inefficient future litigation and to save the NMFS Sacramento office from having to expend an estimated $750,000 in staff time to comply with certain items in FOIA 4, from becoming unable to meet its deadlines, and from becoming unable to carry out its fish protection mission.

J.  By stipulation and order submitted July 9 and approved July 11, 2008, the parties and the Court facilitated settlement discussion by staying NMFS's obligation under Order part IV, paragraph 3, to produce certain *Vaughn* materials by July 10, 2008.

K.  The discussion eventuated in this settlement agreement.

L.  The parties agreed to extend the Court-ordered deadline for final agency response to FOIA 3 until July 25, 2008.  NMFS sent interim releases dated April 29 and June 5, 2008, and its final agency response was dated July 25, 2008.

M.  The parties agreed that NMFS would release a copy of its May 2008 co-managers' review draft recovery plan, including all attachments and indices, in lieu of compliance with certain items in FOIA 4 (described above as costing $750,000).  The United States Attorney's Office emailed those records on July 16, 2008.  Upon receiving the co-managers' review draft, SYRCL informally requested 17 specific documents cited in the draft, in three batches, the final two of which were contingent on SYRCL's review of previous batches.  The parties agreed that a URL could be given in place of a copy for documents published on the Internet, and that final versions could be substituted for drafts.  NMFS supplied the 17 cited documents in three installments dated August 18, September 11 and later in September 2008.

N.  The parties agreed to extend the Court-ordered deadline for final agency response to FOIA 4 until specific dates for agency interim releases and final agency response as set out in the Agreed Terms below.

O.  FOIA 4, item 17, was narrowed by agreement.  The specifics are in the "Agreed Terms" below.  In interim releases dated August 8 and September 15, 2008, NMFS provided a

1   copy of the Biological Opinions and Biological Assessments for four specific projects (see list
2   of projects below).
3      P.  In an interim release dated July 25, 2008, NMFS provided 15 records responsive to
4   FOIA 4 items 14-15.
5      Q.  In an interim release dated August 8, 2008, NMFS provided 23 records responsive
6   to FOIA 4 items 1, 4, 8-13 and 17.
7      R.  The parties understand that no record responsive to FOIA 4 item 22 has been
8   found, that the search cutoff date for FOIA 3 was March 19, 2008, and that the search cutoff
9   date for FOIA 4 was June 19, 2008.
10     S.  The parties understand that NMFS sometimes includes in its final agency response,
11  among other information, an index of records released, an index of records withheld, an
12  indication of the bases for withholding (intending no waiver of omitted bases), a no-records
13  response if true, and facts regarding any referrals to other agencies.  Some of these are always
14  included.  Some are included if requested.  SYRCL has requested and NMFS has stated its
15  intention to include all of these in its final agency response for FOIA 4.  Additionally, if any
16  withholding or basis of withholding is not sufficiently understandable to SYRCL, the
17  assigned Assistant United States Attorney has made himself available to discuss it further.
18     T.  FOIA allows a reasonable attorney's fee to a prevailing party.  In December 2007
19  Congress amended the FOIA definition of prevailing party to include a catalyst theory.  *See*
20  5 U.S.C. § 552(a)(4)(E)(ii).
21     U.  The parties are endeavoring to settle the attorney's fees issue.

### Agreed Terms

23  1. This Settlement Agreement takes the place of any remaining record disclosure
24  obligations of NMFS under FOIAs 1 through 4.
25  2. SYRCL waives all rights to compliance with FOIA 2, item 23, concerning
26  Recovery Plan-related records.  This paragraph does not affect the agreed terms relating to the
27  co-managers' review draft recovery plan.
28  3. SYRCL waives all rights to compliance with FOIA 4, items 2-6.

1        4. SYRCL narrows FOIA 4, item 17, to the Biological Opinions and Biological
2   Assessments for four specific projects, namely, Project No. F/SWR/2006/05824, DWR's
3   South Delta Temporary Barriers Project (COE 200000696); Project No. I/SWR/2008/03406,
4   Middle Creek Spawning Gravel Restoration Project; Project No. I/SWR/2007/05278, PL
5   84-99 Levee Repair projects in Central Valley; and Project No. F/SWR/2007/07158,
6   Sacramento River Bank Protection project (SRBPP).  Nothing in this paragraph affects any
7   right to make future FOIA requests for other records concerning those four projects.  No such
8   future FOIA request may be litigated in this action.
9        5. By making this agreement, SYRCL waives all rights to compliance with FOIA 4,
10  items 18-21.
11       6. SYRCL agrees to extend the Court-ordered deadline for agency response to FOIA 4
12  until the following dates:
13           Releases, FOIA 4, items 1, 7-9, 12, until September 15, 2008;
14           Releases, FOIA 4, items 11, 13, until September 26, 2008;
15           Releases, FOIA 4, item 17 (as narrowed), until October 10, 2008;
16           Releases, FOIA 4, items 14-16, 22, until October 31, 2008;
17           Releases, FOIA 4, item 10, until November 10, 2008;
18           Final agency response to FOIA 4, until November 10, 2008.
19       7. In this action, SYRCL will not seek to litigate any FOIA requests made after
20  FOIA 4.
21       8. NMFS agrees to pay SYRCL reasonable attorney's fees and costs, under FOIA,
22  premised on claims on which SYRCL has prevailed, subject to mutual agreement on
23  questions including the following, and each side reserves all rights in the event of
24  disagreement on these questions:  whether SYRCL met its burdens of proof on attorney's fees,
25  whether claims on which SYRCL prevailed and did not prevail are related, which hours were
26  spent on a claim, whether time was reasonably spent, the significance of relief in relation to
27  hours, the relevant market, the reasonable hourly rate, adjustment of the rate, and any other
28  question that might arise on an attorney's fees or costs motion.  The parties agree to make

good faith efforts to reach agreement.  Should they be unable to reach agreement, they contemplate that SYRCL will file a motion by November 10, 2008.

    9.  This agreement may be executed in parts.

Dated:  September 17, 2008      ENVIRONMENTAL ADVOCATES
CHRISTOPHER SPROUL
KELLY FRANGER

*Christopher A. Sproul*

By: _____
CHRISTOPHER SPROUL
Attorneys for Plaintiff SYRCL

Dated:  September 16, 2008      McGREGOR W. SCOTT
United States Attorney
RONALD J. TENPAS
Acting Assistant Attorney General
JEAN E. WILLIAMS, Section Chief
LAWSON E. FITE, Trial Attorney

By:  */s/ Y H T Himel*
YOSHINORI H. T. HIMEL
Assistant U.S. Attorney
Attorneys for Defendant NMFS