IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SOUTH YUBA RIVER CITIZENS
LEAGUE and FRIENDS OF THE RIVER,

    Plaintiffs,                   No. CIV S-06-2845 LKK JFM

    vs.

NATIONAL MARINE FISHERIES
SERVICE, et al.,

    Defendants.              <u>ORDER</u>

_____/

        Defendants' motion to compel discovery came on for hearing on shortened time on March 26, 2009. Christopher A. Sproul appeared telephonically for plaintiffs. Howard W. Wilkins, III, appeared for moving defendant YCWA. Lawson Fite and Bradley H. Oliphant appeared telephonically for federal defendants. Andrew Hitchings appeared telephonically for YCWA. Upon review of the motion and the joint statement re discovery disagreement, upon hearing the arguments of counsel and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        Plaintiffs' procedural objections are overruled. Plaintiffs have relied on expert Brad Cavallo's declaration in connection with their motion for preliminary injunction presently set for hearing before the district court next week on Friday, April 6, 2009. Defendant YCWA is

entitled to review documents considered by Mr. Cavallo in preparing his expert declaration filed in connection with that motion. See United States v. Hooker Chemicals & Plastics Corp., 112 F.R.D. 333 (D.N.Y. 1986).

Any preliminary or draft reports prepared by the expert are subject to discovery because Rule 26(a)(2)(B) requires experts to disclose all information "considered" by the witness. See Trigon Ins. Co. v. United States, 204 F.R.D. 277, 283 (E.D. VA 2001); Hewlett-Packard Co. v. Bausch & Lomb, Inc., 116 FRD 533, 536 (N.D. Cal. 1987).

Plaintiffs' concern that counsel's mental impressions or opinion should not be disclosed to defendants presents a closer question. Courts are split on whether this requires disclosure of the attorney's mental impressions and opinions communicated to the expert in preparing him or her to testify. However, this court is persuaded by the reasoning in Ass'n of Irritated Residents v. Dairy, No. 1:05cv0707 AWI SMS (E.D. Cal. June 18, 2008)(e-mails communicated to and considered by the experts in reaching their opinions must be produced).

> [T]he majority view . . . is that all things communicated to the expert and considered by the expert in forming an opinion must be disclosed even if it constitutes opinion otherwise protected as work product. Although there is no binding authority from the Court of Appeals for the Ninth Circuit, federal courts have adopted the majority view. See United States v. City of Torrance, 163 F.R.D. 590, 593 (C.D. Cal. 1995); Baxter Diagnostics, Inc. v. AVL Scientific Corp., 1993 WL 360674 (C.D. Cal. Aug. 6, 1993); and Intermedics, Inc. v. Ventritex, 139 F.R.D. 384, 386 n.1 (N.D. Cal. 1991).

Ass'n of Irritated Residents, at 3.

Accordingly, IT IS HEREBY ORDERED that defendants' March 20, 2009 (#217) motion to compel production of the drafts of Brad Cavallo's declaration, transmitted between Mr. Cavallo and plaintiffs' counsel, is granted. Plaintiffs shall provide all of these drafts to YCWA's counsel on or before close of business Monday, March 30, 2009. At the deposition, Mr. Cavallo stated there were less than ten, but more than five, drafts of the declaration prepared, and that the drafts were transmitted via email. (Cavallo Depo. at 56-57.) Plaintiffs' counsel shall

provide all of the drafts. If any of the drafts were prepared only in written format, those written drafts shall also be provided to YCWA's counsel by close of business March 30, 2009.

DATED: March 26, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

/001; southyuba.mtc4