1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11   SOUTH YUBA RIVER CITIZENS
     LEAGUE and FRIENDS OF THE
12   RIVER,
                                        NO. CIV. S-06-2845 LKK/JFM
13
             Plaintiffs,
14
        v.                              O R D E R
15
     NATIONAL MARINE FISHERIES
16   SERVICE, et al.,

17           Defendants.

18   _____/

19       Plaintiff  environmental  groups  brought  suit  under  the

20   Endangered Species Act and Administrative Procedures Act against

21   the National Marine Fisheries Service, the Army Corps of Engineers,

22   the Yuba County Water Agency, and various water users.  Pending

23   before the court are two motions timely noticed for hearing on

24   April 6, 2009.  The first is a motion to dismiss one of plaintiffs'

25   claims, filed by the Corps.  The second is plaintiffs' motion for

26   a preliminary injunction.   The  two  motions  are  independent;

                                    1

plaintiffs base their argument for a preliminary injunction solely on claims other than those defendants seek to dismiss.

This second motion has already caused significant strife between the parties. Plaintiffs filed voluminous exhibits in support of their motion. In light of the quantity of exhibits, defendants requested additional time to file their opposition. Plaintiffs opposed any extension of time, on the ground that delay would risk further harm protected species. In light of plaintiffs' representation of the urgency of the harm, the court denied defendants' request.

Since that time, a dispute has arisen over the expert declaration of plaintiff's witness Brad Cavallo. Defendants propounded discovery seeking earlier drafts of Cavallo's declaration. When plaintiffs refused to provide these drafts, defendant Yuba County Water Agency ("YCWA") moved to strike the Cavallo declaration from plaintiff's motion for a preliminary injunction. (Doc. 218 Ex. 7, March 20, 2009) This motion is also noticed for hearing on April 6, 2009. YCWA also sought to compel production of these earlier drafts. Magistrate Judge Moulds granted an order compelling such production on March 26, 2009 (Doc. 234).

In the afternoon of Friday, March 27, plaintiffs filed a motion for reconsideration of the order compelling discovery. Under the local rules, defendants have five days to respond to the motion for reconsideration. Their response is therefore due on Friday, April 3. Plaintiffs noticed this motion for hearing on Monday, April 6, and have not separately moved to shorten time on

the hearing on this motion.  This hearing date provides the court with little opportunity to review defendant's anticipated opposition prior to the hearing.

Plaintiffs also now move to continue the hearing on the motion for a preliminary injunction, arguing that the motion for reconsideration must be heard before the motion to strike can be resolved, and that the motion to strike in turn must be resolved prior to the motion for a preliminary injunction.  Plaintiffs acknowledge that they earlier represented that a delay would have dire consequences, but plaintiffs now claim that a delay, while unfortunate, is inevitable.

The court is reluctant to grant a continuance that would provide plaintiffs any additional time after the court, relying on plaintiffs' contention of urgency, denied defendants' similar request.[1]  Nonetheless, the court agrees that a delay is necessary. The parties have succeeded in raising preliminary issues that must be resolved prior to the motion for a preliminary injunction, such that a hearing on this motion would be premature at this time. Such a continuance, however, need not grant plaintiffs the extra time which they denied to defendants.  Accordingly, the deadline for submitting a reply in support of the present motion for a

---

[1] The Federal Defendants have filed an opposition to the continuance, arguing that their opposition to the motion for a preliminary injunction provides sufficient reason to deny the request for a preliminary injunction even if plaintiffs' pending motion to reconsider is granted and YCWA's motion to strike is denied.  However, the Federal Defendants' primary contention is that plaintiffs should not receive additional briefing time.

1  preliminary injunction is unchanged.

2       Accordingly, the court ORDERS as follows:

3       1.   The hearing on plaintiff's motion for a preliminary

4            injunction (Doc. 197) is CONTINUED to May 4, 2009, at

5            10:00 a.m.

6       2.   The deadline for filing a reply in support of

7            plaintiff's motion for a preliminary injunction is

8            unchanged; such a reply, if any, SHALL be filed no later

9            than March 30, 2009.

10      3.   The hearing on plaintiff's motion for reconsideration

11           (Doc. 236) and YCWA's motion to strike (Doc. 218 Ex. 7)

12           currently set for April 6, 2009, is VACATED.

13      4.   The hearing on defendant Army Corps of Engineers' motion

14           to dismiss (Doc. 200), currently set for April 6, 2009,

15           is unchanged.

16      IT IS SO ORDERED.

17      DATED: March 30, 2009.

18

19

20      LAWRENCE K. KARLTON
        SENIOR JUDGE
21      UNITED STATES DISTRICT COURT

22

23

24

25

26

4