UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SOUTH YUBA RIVER CITIZENS
LEAGUE and FRIENDS OF THE
RIVER,

NO. CIV. S-06-2845 LKK/JFM

    Plaintiffs,

  v.                              O R D E R

NATIONAL MARINE FISHERIES
SERVICE, et al.,

    Defendants.
_____/

    Plaintiff environmental groups bring various claims arising primarily out of the structure and operation of two dams on the South Yuba River. Plaintiffs moved to compel certain written discovery on July 3, 2008. The Magistrate denied this motion on August 26, 2008. On December 23, 2008, this court granted in part plaintiffs' motion for reconsideration of that order. On January 19, 2009, plaintiffs filed a motion styled as a motion for clarification of that order. This motion was not noticed for a

1

hearing, but at plaintiffs' request, the motion was discussed during the hearing on a separate motion in this case on April 6, 2009. For the reasons stated below, this motion is granted in part.

**I. BACKGROUND**

The general background in this case is set forth in the court's other orders. The facts relevant to this particular discovery dispute are set forth here.

**A.    Plaintiffs' Motion to Compel and This Court's Order**

In a July 3, 2008 motion to compel, plaintiffs sought to compel the Corps and NMFS to each respond to respective sets of interrogatories, requests for production of documents, and requests for admissions.

This Court's December 23, 2008 order granted plaintiffs' motion in part. The order explained that plaintiffs' challenges to the validity of the BiOp and the ITS, whether packaged as APA claims or ESA citizen suits, must be reviewed on the administrative record. The court accordingly ordered defendants to respond to plaintiffs' interrogatories and requests for production insofar as that discovery sought to cure deficiencies in the administrative record. Plaintiffs' requests for admissions by NMFS, on the other hand, would not assist in completion of the record, and would solely create new evidence. Plaintiffs' request to compel responses to these admissions were therefore denied. As to plaintiffs' claims that the Corps was out of compliance with the terms of the ITS and that the Corps was causing take, the court

held that these issues were not reviewed on any administrative record, and that plaintiffs' related requested discovery was therefore appropriate.

**B.  The Parties' Present Discovery Dispute**

On December 31, 2008, plaintiffs served notices of depositions for three NMFS employees. Decl. of Brian Orion Supp. Mot. for Clarification, ¶ 4. The depositions for the three NMFS employees had previously been noticed, for one in May 2007 and for the other two in July 2008, although no depositions have yet been taken. Plaintiffs subsequently noticed depositions for two Corps employees. Defendants have agreed to make these employees available for deposition, but have disagreed regarding the scope of depositions of the NMFS employees. Orion Decl., Ex. 1.

On August 25, 2008 (after the motion to compel was filed), plaintiffs proposed ten topics for the depositions of the NMFS employees. Orion Decl. Ex. 2 (email of August 25, 2008). The Federal Defendants maintain that, based on the reasoning of this court's reconsideration order, questions are only appropriate on three of these topics. Notwithstanding this disagreement as to scope, defendants have stated that they are willing to make these employees available for deposition.

**C.  Plaintiffs' Motion for Clarification**

In response to defendants' proposed limits, plaintiffs' filed the present motion with this court. This motion is purportedly brought under Fed. R. Civ. P. 54(b) and the court's inherent power to modify interlocutory orders. Plaintiffs seek an order stating

that deposition questions are appropriate as to "(1) the completeness of the administrative record; (2) information relevant to Plaintiffs' substantive ESA Section 7 claim; and (3) information relevant to interim remedies for purposes of preliminary injunctive relief." Plaintiffs also seek to set a deadline for defendants' responses to written discovery, and attorneys fees related to the instant motion.

## II. STANDARD

Pursuant to Federal Rule of Civil Procedure 54(b), "a district court can modify an interlocutory order at any time before entry of a final judgment." Credit Suisse First Boston Corp. v. Grunwald, 400 F.3d 1119, 1124 (9th Cir. 2005) ("[W]e have long recognized the well-established rule that a district court judge always has power to modify or to overturn an interlocutory order or decision while it remains interlocutory.").

Reconsideration is generally appropriate where (1) a party presents the court with newly discovered evidence, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) there has been an intervening change in controlling law.[1] See Sch. Dist. No. 1J, School Dist. No. 1J v. AC&S, Inc., 5

---

[1] While this standard has been applied most often in the context of Rule 59(e) and Rule 60(b) motions, it also provides guidance to Rule 54(b) motions. See Doctor John's, Inc. v. City of Sioux City, IA, 456 F. Supp. 2d 1074, 1076 (N.D. Iowa 2006) ("While the standards for reconsideration of interlocutory orders may be less 'exacting' than the standards for reconsideration of final orders under Rules 59(e) and 60(b), . . . the court should 'look to the kinds of consideration under those rules for guidance.'") (internal citations omitted).

4

F.3d 1255, 1263 (9th Cir. 1993); see also Nunes v. Ashcroft, 375 F.3d 805, 807 (9th Cir. 2003). Nevertheless, because a previous decision constitutes the law of the case, a court should generally not upset one of its previous decisions absent a showing that it either represented clear error or would work a manifest injustice. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988).

This standard is further explained by Local Rule 78-230(k), which requires a party seeking reconsideration to demonstrate the following:

> (1) when and to what Judge or Magistrate Judge the prior motion was made,
>
> (2) what ruling, decision or order was made thereon,
>
> (3) what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion, and
>
> (4) why the facts or circumstances were not shown at the time of the prior motion.

Here, plaintiffs state that they seek clarification, rather than reconsideration, of the prior order. Thus, plaintiffs imply that they do not bear the burden of showing that the order should be changed, because they merely seek to have the contours of the existing order more sharply defined. However, as is explained below, none of plaintiffs' arguments can be properly characterized as mere clarifications of the existing order.

////

5

### III. ANALYSIS

Plaintiffs' motion primarily seeks "clarification" of the propriety of deposition questions regarding the completeness of the administrative record, the Corps's compliance with section 7(a)(2) of the ESA, and interim remedies.

Plaintiffs' motion to compel, and plaintiffs' motion for reconsideration of the Magistrate's denial of that motion, discussed only written discovery, namely requests for production, requests for admission, and interrogatories. The present motion, in contrast, seeks to compel depositions. As this court's prior order demonstrated, the differences between types of discovery have significant consequences. As such, the instant motion cannot honestly be construed as an attempt to clarify the prior order, and plaintiffs' concerns should have been brought as a separate motion to compel before the Magistrate. Pretrial Scheduling Order, Doc. No 149, at 4 (June 17, 2008) ("Motions to compel discovery must be noticed on the magistrate judge's calendar in accordance with the rules of this court . . . ."). Inasmuch as plaintiffs attempt to present their concerns as a Rule 54(b) motion, plaintiffs have not made the showing required by Local Rule 78-230(k), i.e., why the facts or circumstances regarding the scope of deposition questions were not presented in the prior motion(s). These failings provide a sufficient ground for denying the present motion.

Separate from the arguments regarding the scope of deposition questions, plaintiffs request that this court impose a deadline for defendants to respond to the written discovery mandated by this

court's reconsideration order, as well as fees arising out of the instant motion.

As to the imposition of deadlines, Federal Rules of Civil Procedure 33, 34, and 36 require service of "answers and any objections within 30 days after being served with" the discover requests. Fed. R. Civ. P. 33(b)(2); see also Fed. R. Civ. P. 34(b)(2)(A), 36(a)(3). Defendants filed timely objections to the initial discovery requests, satisfying their obligations under these rules. The rules of civil procedure do not specify a time to respond after an order granting a motion to compel, although the court will not permit an unreasonable delay. In the briefing on this motion, defendants stated that responses would be served by February 17, 2009; it is unclear whether those responses are still outstanding, and if so, whether this is due to a decision by the parties to stay discovery pending resolution of this motion. In either case, defendants' delay thus far is not unreasonable. Defendants have not yet violated any deadlines. Accordingly, plaintiffs' outstanding requests for admission will not be deemed admitted. For any responses that remain outstanding, responses shall be filed within 30 days.

As to plaintiffs' request for attorneys' fees, because this motion is denied in part and granted in part, the court declines to award fee to either party. Fed. R. Civ. P. 37(a)(5)(C).

**IV. CONCLUSION**

For the reasons stated above, plaintiffs' motion for clarification, Doc. No. 185, is DENIED IN PART. Federal defendants

are ORDERED to provide the written responses to discovery ordered by this court's order of December 23, 2008, if still outstanding, within thirty days of the filing of this order.

IT IS SO ORDERED.

DATED: May 6, 2009.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT