1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   SOUTH YUBA RIVER CITIZENS
     LEAGUE and FRIENDS OF THE
12   RIVER,
                                          NO. CIV. S-06-2845 LKK/JFM
13
             Plaintiffs,
14
         v.                                    O R D E R
15
     NATIONAL MARINE FISHERIES
16   SERVICE, et al.,

17           Defendants.

18   _____/

19       On May 15, 2009, the court ordered counsel for plaintiffs to

20   show cause why sanctions in the amount of $150 should not be

21   imposed for their failure to comply with Local Rule 56-260(a),

22   which requires that a motion for summary judgment be accompanied

23   by a statement of undisputed facts.  See Doc. No. 258.  Counsel

24   responded to the order to show cause on May 21, 2009.  See Doc. No.

25   266.  Counsel's argument is that this court has previously

26   overlooked other violations of the local rules and this court's

                                    1

orders by other parties, that sanctions are a particular hardship when imposed on counsel who represent nonprofit organizations, and that counsel was unaware of this local rule because the Northern District of California forbids submission of statements of undisputed facts.

These circumstances do not constitute good cause. Although this court has overlooked other violations of the rules, this lenience has been extended to both parties.[1] The court is cognizant of plaintiffs' counsel's financial position. Nonetheless, the court determines that the monetary sanction is appropriate. The fact that the Northern District of California has a contrary rule is, to say the least, irrelevant.

No good cause shown, the court hereby ORDERS that counsel for plaintiff is SANCTIONED in the amount of one hundred and fifty ($150.00) dollars. This sum shall be paid to the Clerk of the Court no later than thirty (30) days from the date of this order. Counsel shall file an affidavit accompanying the payment of this sanction which states that it is paid personally by counsel, out of personal funds, and is not and will not be billed, directly or

---

[1] In particular, counsel notes that in opposing plaintiffs' initial motion for a preliminary injunction, defendants submitted memoranda in excess of the page limits set by this court. The court subsequently approved a stipulation of the parties extending these page limits and permitting plaintiffs to file an oversize reply brief. Counsel's decision to rely on this fact is puzzling, because before filing their response to the order to show cause, plaintiffs themselves submitted an oversized memorandum in support of their renewed motion for a preliminary injunction. This memorandum was submitted prior to submission of a stipulation to extend page limits for briefing in connection with this motion, much less prior to approval of any such stipulation.

1   indirectly, to the client or in any way made the responsibility of

2   the client as attorneys' fees or costs.

3        IT IS SO ORDERED.

4        DATED: June 3, 2009.

5

6

7                                   LAWRENCE K. KARLTON
                                    SENIOR JUDGE
8                                   UNITED STATES DISTRICT COURT

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26