1   REMY, THOMAS, MOOSE and MANLEY, LLP
    WHITMAN F. MANLEY, 130972
2   HOWARD F. WILKINS III, 203083
3   455 Capitol Mall, Suite 210
    Sacramento, California 95814
4   Telephone: (916) 443-2745
    Facsimile: (916) 443-9017
5   wmanley@rtmmlaw.com
    cwilkins@rtmmlaw.com
6
7   Attorneys for Defendant
    YUBA COUNTY WATER AGENCY
8
                    UNITED STATES DISTRICT COURT
9
                    EASTERN DISTRICT OF CALIFORNIA
10

11  SOUTH YUBA RIVER CITIZENS LEAGUE, a    ) Civil Case No.: 2:06-CV-02845-LKK-JFM
12  non-profit corporation, and FRIENDS OF THE )
    RIVER, a non-profit corporation;          ) **RESTATED STIPULATION OF**
13                                            ) **SETTLEMENT BETWEEN**
            Plaintiffs,                       ) **PLAINTIFFS AND DEFENDANT**
14                                            ) **YUBA COUNTY WATER AGENCY;**
    v.                                        ) **[AMENDED] ORDER DISMISSING**
15                                            ) **PLAINTIFFS' CLAIMS AND RELIEF**
16  NATIONAL MARINE FISHERIES SERVICE,        ) **AGAINST YCWA**
    CAROLOS M. GUIERREZ, as Secretary of      )
17  Commerce, RODNEY MCINNIS, as Regional     )
    Administrator of the National Marine Fisheries )
18  Service Southwest Region, UNITED STATES   )
    ARMY CORPS OF ENGINEERS, PETE             )
19  GEREN, as Acting Secretary of the Army,   )
    COLONEL RONALD L. LIGHT, as District      )
20  Engineer, Sacramento Water District, and YUBA )
    COUNTY WATER AGENCY,                      )
21                                            )
22          Defendants.                       )
                                              )
23  _____  )
    DRY CREEK MUTUAL WATER                    )
24  COMPANY, BROPHY WATER DISTRICT,           )
    HALLWOOD IRRIGATION COMPANY,              )
25  RAMIREZ WATER DISTRICT, and CORDUA        )
    IRRIGATION                                )
26  DISTRICT                                  )
27                                            )
            Defendant – Intervenors.          )
28                                            )

REMY, THOMAS, MOOSE and
MANLEY, LLP
455 Capitol Mall, Suite 210
Sacramento, CA 95814

RESTATED STIPULATION OF SETTLEMENT BETWEEN PLAINTIFFS AND YCWA; [AMENDED PROPOSED] ORDER
No.: 2:06-CV-02845-LKK-JFM

1      Plaintiffs South Yuba River Citizens League and Friends of the River, and defendant Yuba

2  County Water Agency, in that certain litigation styled *South Yuba River Citizens League, et al. v.*

3  *National Marine Fisheries Service, et al.*, Case No. 2:06-CV-02845-LKK-JFM, by and through

4  their respective attorneys of record, hereby stipulate and agree as follows:

5                  **Definitions**

6  As used herein, the following terms shall have the following meanings:

7  (a)  "Best efforts" shall mean diligently pursue implementation of the referenced procedure,

8  improvement, or process, subject to and in accordance with all applicable laws, without

9  unnecessary delay.

10  (b) "Brophy Diversion" shall mean the South Yuba-Brophy Diversion constructed by the South

11  Yuba Water District and Brophy Water District in the mid-1980s, including the fish screen.

12  (c)  "CDFG" shall mean the California Department of Fish and Game.

13  (d)  "CEQA" shall mean the California Environmental Quality Act (Pub. Resources Code, §§

14  21000 et seq.) and the CEQA Guidelines (California Code of Regulations, title 14, §§ 15000 et

15  seq.).

16  (e)  "Corps" shall mean United States Army Corps of Engineers.

17  (f) "Effective Date" shall mean the date the Court issues its Order approving this Settlement.

18  (g) "ESA" shall mean the Endangered Species Act, 16 U.S.C. §§ 1531 et seq.

19  (h) "Federal Defendants" shall mean National Marine Fisheries Service, Rodney McInnis, Gary

20  Locke, United States Army Corps of Engineers, Pete Geren, and Col. Thomas C. Chapman.

21  (i) "FOR" shall mean Friends of the River on behalf of itself, its officers, its directors, its

22  members, its successors, its assigns and all those in privity with it.

23  (j) "Listed Species" shall mean the Central Valley spring-run Chinook salmon and

24  Central Valley steelhead, which are listed as threatened species under the ESA.

25  (k) "NMFS" shall mean National Marine Fisheries Service.

26  (l) "Plaintiffs" shall mean individually and collectively SYRCL and FOR as well as their officers,

27  directors, members, successors, assigns and all those in privity with either SYRCL and FOR.

28  (m) "Settlement" means this Stipulation of Settlement.

1

REMY, THOMAS, MOOSE and
MANLEY, LLP
455 Capitol Mall, Suite 210
Sacramento, CA 95814

RESTATED STIPULATION OF SETTLEMENT BETWEEN PLAINTIFFS AND YCWA; [AMENDED PROPOSED] ORDER
No.: 2:06-CV-02845-LKK-JFM

PDF created with pdfFactory trial version www.pdffactory.com

1 | (n) "Settlement Party" or "Settlement Parties" shall mean any or all Plaintiffs and YCWA.

2 | (o) "SYRCL" shall mean South Yuba River Citizens League on behalf of itself, its officers, its

3 | directors, its members, its successors, its assigns and all those in privity with it.

4 | (p) "[T]he 1984 agreement between South Yuba and CDFG" means the Exhibit A to Declaration

5 | of Curt Aikens in Support of YCWA's Opposition to Plaintiffs' Motion for Preliminary Injunction

6 | (Document 219-2) filed in this Action.

7 | (q) "[T]his Action" means *South Yuba River Citizens League, et al. v. National Marine Fisheries*

8 | *Service, et al.*, Case No. 2:06-CV-02845-LKK-JFM.

9 | (r) "YCWA" shall mean the Yuba County Water Agency.

10 | **THIS SETTLEMENT**

11 | 1.      Currently pending before this Court is Plaintiffs' Renewed Motion for Preliminary

12 | Injunction regarding Plaintiffs' Sixth Claim for Relief (for violations of the ESA) against YCWA

13 | in addition to other claims alleged against the Federal Defendants.  Plaintiffs and YCWA have

14 | reached agreement on the resolution of Plaintiffs' Sixth Claim for Relief in the Sixth Amended

15 | Complaint as well as all relief relating to the Brophy Diversion, on the terms and conditions stated

16 | in this Settlement.

17 | 2.      The Settlement Parties agree that a goal of this Settlement is to improve conditions for

18 | Listed Species at the Brophy Diversion by implementation of the procedures, processes and

19 | improvements as set forth in herein.  The Settlement Parties also agree that a goal of this

20 | Settlement is to avoid any adverse water supply impacts that may result from improving

21 | conditions for Listed Species at the Brophy Diversion.

22 | 3.      The Settlement Parties acknowledge that, in addition to certain specified obligations, this

23 | Settlement establishes a framework for accomplishing processes set forth in this Settlement,

24 | specifically the process for reducing potential predation in the channel leading to the Brophy

25 | Diversion by partially filling in the channel, and that completion of this process may require the

26 | performance of activities, such as environmental review, design, and construction, the details of

27 | which will be developed subsequently under the terms of this Settlement. The Settlement Parties

28 | further acknowledge that the implementation of this Settlement may occur over several years and

2

REMY, THOMAS, MOOSE and
MANLEY, LLP
455 Capitol Mall, Suite 210

PDF created with pdfFactory trial version www.pdffactory.com

1   agree to cooperate in good faith to achieve the goals of this Settlement.  YCWA agrees to

2   diligently pursue implementation of the goals as set forth in this Settlement.

3   4.   Plaintiffs acknowledge that YCWA has initiated environmental review for a project to

4   build a new fish screen at the Brophy Diversion that meets NMFS and CDFG screening criteria,

5   but that until the status of Daguerre Point Dam is resolved, installation of a new fish screen at the

6   Brophy Diversion may not be practicable.  Plaintiffs further acknowledge that upon completing

7   installation of a new fish screen at the Brophy Diversion that meets NMFS and CDFG screening

8   criteria, the provisions in this Settlement will no longer be necessary.

9   **Debris Inspection and Removal Procedure Provision**

10   5.   YCWA will inspect the feeder and return channels at the Brophy Diversion for debris two

11   times per week throughout the year with the exception of any week during the month of October

12   when no diversions are occurring.  During any week in the month of October when no diversions

13   are occurring at the Brophy Diversion, YCWA will inspect the feeder and return channels once a

14   week.

15   6.   Diversions will occur at the Brophy Diversion for purposes of the preceding paragraph

16   when any one of the three valves controlling the flow from the screen area to the irrigation channel

17   in the Yuba Goldfields is not in the closed position.  This time period is primarily driven by

18   weather and the irrigation water demand and can go as long as April through November, but can

19   be a shorter period if there are early or late rains.

20   7.   YCWA will remove any significant debris in the channels discovered during any such

21   inspection as soon as practicable. For the purposes of this provision, the parties agree to the

22   following terms:

23        a.   "Significant debris" means any large debris (e.g. logs, branches) or accumulation of

24            smaller debris that is significantly impeding flow or anadromous fish passage in the

25            return channel.

26        b.   "As soon a practicable" means (1) within 24 hours for any significant debris that

27            can be cleared by a single person from bankside without the assistance of any

28

3

REMY, THOMAS, MOOSE and
MANLEY, LLP
455 Capitol Mall, Suite 210

PDF created with pdfFactory trial version www.pdffactory.com

1    equipment; or (2) within 72 hours for any significant debris where more than one

2    person or more than regular ditchtender equipment is required to remove the debris.

3    c.    The Settlement Parties acknowledge that more than 72 hours may be required to

4    remove debris under extraordinary circumstances or when health and safety

5    concerns exist.  Examples of extraordinary circumstances include but are not

6    limited to circumstances, such as a major flood event, when removal of debris

7    would require a governmental permit or authorization, or when equipment not

8    regularly used by YCWA is needed (e.g. an excavator).  YCWA will notify

9    Plaintiffs if such extraordinary circumstances occur within 72 hours of such an

10   occurrence.  YCWA will diligently work to secure any required permits or

11   permission and obtain any necessary equipment to remove the debris if such

12   extraordinary circumstances occur.

13   d.    The Settlement Parties acknowledge that during flood events and possibly on other

14   unanticipated occasions, there may be health, safety, and coordination reasons that

15   make it impracticable to clear debris based on the terms provided in the preceding

16   two paragraphs.   YCWA will remove any significant debris as soon as practicable

17   after any such health, safety, and coordination issues are resolved or cease.

18                          **Installation of Flow Meters Provision**

19   8.    YCWA will install and continuously operate at least two flow meters at the Brophy

20   Diversion for the purpose of measuring flow through the diversion pipes and bypass flows in the

21   return channel during diversions as provided below.

22   a.    YCWA will obtain any required information and conceptual sketches for the

23   proposed flow meters and any improvements required to install the flow meters as

24   soon as practicable.  YCWA will use its best efforts to obtain the referenced

25   information and conceptual sketches within 45 days of the Effective Date of this

26   Settlement.  YCWA will use its best efforts to pursue consultation regarding

27   installation of the flow meters with any permitting agencies.

28

4

RESTATED STIPULATION OF SETTLEMENT BETWEEN PLAINTIFFS AND YCWA; [AMENDED PROPOSED] ORDER
No.: 2:06-CV-02845-LKK-JFM

PDF created with pdfFactory trial version www.pdffactory.com

    b.  YCWA will install the flow meters as soon as permit, weather, and flow conditions allow.

9.    YCWA will use its best efforts, consistent with its obligations under the 1984 agreement between South Yuba and CDFG, to: (1) maintain a 10 percent return flow based on the daily average readings from the proposed flow meters; and (2) ensure the return channel does not run completely dry at any time.  The percentage of the return flow will be calculated by dividing the amount of the return flow by the sum of the amount of the return flow and the amount of the diversion.

10.    YCWA will make data from the flow meters installed pursuant to this provision readily available to Plaintiffs.

11.    YCWA will provide the daily averages of the flows through the diversion pipes and the bypass flows in the return channel to Plaintiffs on a quarterly basis (every 3 months).

12.    If the daily average for return flow falls below 10 percent on more than three (3) days during any one quarter or the return channel runs completely dry, YCWA will meet and confer with Plaintiffs in good faith, at Plaintiffs' request, to discuss possible methods for reducing such occurrences.  Plaintiffs acknowledge that changes designed to eliminate such occurrences may have unintended impacts on the Listed Species and may not be desirable or prudent.

**Reduction of Potential Predator Habitat in Diversion Channel Provision**

13.    YCWA will use its best efforts to investigate and pursue a process to determine what benefits or drawbacks, if any, might occur from filling in portions of the channel in front of the Brophy Diversion rock gabion.  YCWA will implement any such improvements if there is a consensus among the Corps, NMFS, CDFG, and other interested parties that such improvements would result in reasonable benefits to the Listed Species based on the following terms:

    a.  YCWA will collect any physical data (e.g. channel specifications, sonar information, etc.) regarding the diversion channel that is needed to analyze potential benefits and drawbacks from partially filling in the channel.  YCWA will use its best efforts to obtain any such information within 90 days of the Effective Date of this Settlement.  Plaintiffs acknowledge that field work may be necessary

REMY, THOMAS, MOOSE and
MANLEY, LLP
455 Capitol Mall, Suite 210
Sacramento, CA 95814

RESTATED STIPULATION OF SETTLEMENT BETWEEN PLAINTIFFS AND YCWA; [AMENDED PROPOSED] ORDER
No.: 2:06-CV-02845-LKK-JFM

PDF created with pdfFactory trial version www.pdffactory.com

1    to obtain this information, which could delay completion of this process.  YCWA

2    agrees to share this information with Plaintiffs if requested.

3    b.    YCWA will use its best efforts to pursue consultation with NFMS and CDFG fish

4        screen experts to obtain recommendation(s) regarding partially filling in the

5        channel for the purpose of reducing potential predation of Listed Species in the

6        channel.  YCWA will use its best efforts to obtain CDFG and NMFS fish screen

7        experts' recommendations within 180 days of the Effective Date of this Settlement.

8        Plaintiffs recognize that completion of this provision will be dictated by the

9        availability of CDFG and NMFS fish screen experts, the need for investigation,

10       inspection, or calculations by the CDFG and NMFS fish screen experts, which

11       could delay completion of this process.  YCWA will update Plaintiffs regarding the

12       status of its efforts.

13   c.    As soon a practicable after YCWA completes the consultation with NFMS and

14       CDFG fish screen experts described above, YCWA will coordinate a meeting with

15       Plaintiffs, the Corps, NMFS, CDFG, and other interested parties to discuss the

16       potential benefits and drawbacks to partially filling in the channel.  YCWA will use

17       its best efforts to attempt to reach a consensus and enter into a Memorandum of

18       Understanding ("MOU") with the Corps, NMFS, CDFG, and other interested

19       parties regarding whether to partially fill in the channel.

20   d.    If YCWA, the Corps, NMFS, CDFG, and Plaintiffs enter into an MOU that

21       requires partially filling in the channel, YCWA will use its best efforts to pursue

22       consultation regarding making such improvements with any permitting agencies.

23   e.    YCWA will make any improvements agreed upon in the MOU as soon as permit,

24       weather, and flow conditions allow.

25   f.    Plaintiffs agree that if YCWA approves a project for a new fish screen at the

26       Brophy Diversion that obtains approval from NMFS and CDFG, as well as funding

27       to commence construction of the new screen, YCWA will no longer be required to

28       fulfill any obligations under this provision.

6

REMY, THOMAS, MOOSE and
MANLEY, LLP
455 Capitol Mall, Suite 210
Sacramento, CA 95814
RESTATED STIPULATION OF SETTLEMENT BETWEEN PLAINTIFFS AND YCWA; [AMENDED PROPOSED] ORDER
No.: 2:06-CV-02845-LKK-JFM

PDF created with pdfFactory trial version www.pdffactory.com

**Dismissal of Claims and Motions in this Action**

14.      In exchange for the above, Plaintiffs will withdraw any and all parts of their motion for preliminary injunction (Document No. 260) that request any relief relating to the Brophy Diversion or against YCWA.  Plaintiffs will also dismiss with prejudice all of their claims in this Action against YCWA, including but not limited to the Sixth Cause of Action in the Sixth Amended Complaint.  Plaintiffs will not advocate for or request any relief in this Action relating to the Brophy Diversion or against YCWA.  Nothing in this paragraph or agreement, however, shall preclude the Plaintiffs from arguing in this Action that any NMFS biological opinions (and accompanying incidental take statements) issued under the ESA are arbitrary and capricious or contrary to law in part due to the biological opinions' analysis of the Brophy Diversion's potential impacts on ESA-protected species and/or due to the incidental take statement's treatment of the Brophy Diversion's potential impact on ESA-protected species.  Plaintiffs admit and state for the record that for the purposes of this Action and any future litigation that no further relief regarding the Brophy Diversion beyond the terms of this Settlement is or will be required until the status of Daguerre Point Dam is finally resolved.  Nothing in this paragraph or agreement, however, shall preclude the Plaintiffs from seeking an order requiring NMFS to issue a new biological opinion that addresses the alleged impacts of the Brophy Diversion that may remain following resolution of the status of Daguerre Point Dam.  Under no circumstances will Plaintiffs advocate or argue in this Action for any relief that would require or result in any reductions in or restrictions on the amounts of water diversions, or otherwise impact, diversions at the Brophy Diversion

15.      YCWA will remain in this Action as an Intervenor Defendant for all purposes.  YCWA will not file an opposition to Plaintiffs' Renewed Motion for Preliminary Injunction (Document No. 260) in this Action.  YCWA agrees that Plaintiffs are not required to respond further to any past served discovery requests from YCWA in this Action.  Plaintiffs agree that YCWA is not required to respond further to any past served discovery requests from Plaintiffs in this Action.  YCWA will not oppose Plaintiffs' request that the court dispense with a hearing on Plaintiffs' pending motion to establish their standing.

REMY, THOMAS, MOOSE and
MANLEY, LLP
455 Capitol Mall, Suite 210
Sacramento, CA 95814

PDF created with pdfFactory trial version www.pdffactory.com

16.     YCWA will pay Plaintiffs twenty thousand dollars ($20,000) within 30 days of the Effective Date of this Settlement.  Plaintiffs agree not to file a memorandum of costs with the Court, or otherwise claim or seek to recover costs or attorneys' fees against YCWA, in connection with this Action.

### Future Challenges.

17.     In exchange for the above, Plaintiffs also waive any and all  rights to bring any future challenge or proceeding against YCWA relating in any way to the Brophy Diversion or against anyone seeking relief relating to the Brophy Diversion, in administrative or legal proceedings, with the exception of a proceeding alleging a breach of this Settlement, unless and until: (1) a new biological opinion is issued by NMFS that covers the Brophy Diversion, in which case Plaintiffs will limit any challenge relating to the Brophy Diversion to whether YCWA has not complied with any requirements under any such biological opinion; or (2) YCWA approves the construction of a new fish screen, in which case Plaintiffs will limit any challenge to whether environmental review for the new fish screen was adequate.  Plaintiffs understand, acknowledge, and agree that this Settlement constitutes a complete and sufficient defense barring any such claims included in this paragraph, and that the YCWA can rely upon this Settlement as a complete defense. Plaintiffs will pay YCWA's attorney's fees and costs associated with any future challenge or proceeding they file relating to the Brophy Diversion or YCWA that is barred by this provision. Nothing herein will preclude the Plaintiffs from advocating in court or before administrative tribunals that any NMFS biological opinions (and accompanying incidental take statements) issued under the ESA are arbitrary and capricious or contrary to law in part due to the biological opinions' analysis of the Brophy Diversion's potential impacts on ESA-protected species and/or due to the incidental take statement's treatment of the Brophy Diversion's potential impact on ESA-protected species.  Plaintiffs admit and state for the record that for the purposes of any future challenge in an administrative or legal proceeding that no further relief regarding the Brophy Diversion beyond the terms of this Settlement is or will be required until the status of Daguerre Point Dam is finally resolved.  Under no circumstances will Plaintiffs advocate or argue in any future administrative or legal proceeding with the exception of any proceeding to enforce this

8

REMY, THOMAS, MOOSE and
MANLEY, LLP
455 Capitol Mall, Suite 210

PDF created with pdfFactory trial version www.pdffactory.com

1   Settlement for any relief that would require or result in any reductions in or restrictions on the

2   amounts of water diversions or otherwise impact diversions at the Brophy Diversion beyond those

3   required by a NMFS biological opinion (if any).  If Plaintiffs bring or join in any future challenge

4   in any administrative or legal proceeding that makes any claim or claims relating to the Brophy

5   Diversion, Plaintiffs will not make any allegations against YCWA except that Plaintiffs are not

6   prohibited from bringing claims that YCWA is failing to adhere to the terms and conditions of any

7   future biological opinion, and Plaintiffs will stipulate that YCWA may intervene for all purposes

8   in any such proceeding.  Nothing herein will preclude the Plaintiffs from advocating in Court or

9   before administrative tribunals concerning the future regulatory requirements that may be imposed

10  on the design, operation and maintenance of any new fish screen that might be installed at the

11  Brophy Diversion.

12  **Additional Provisions**

13  18.      All of YCWA's obligations under this Settlement, with the exception of the payment of

14  attorneys fees as provided herein, shall terminate upon: (1) YCWA's installation of a new fish

15  screen at the Brophy Diversion that is approved by NMFS and CDFG; (2) the issuance of any

16  biological opinion that includes terms and conditions inconsistent with any provision required by

17  the Settlement; or (3) ten (10) years after the Effective Date of this Agreement.

18  19.      In implementing this Settlement, YCWA shall comply with all applicable federal and state

19  laws, rules and regulations, including the CEQA and the ESA, as necessary.  YCWA shall initiate

20  and expeditiously complete applicable environmental documentation and consultations as may be

21  necessary to effectuate the purposes of this Settlement.

22  20.      All agreements with third parties to implement material terms of this Settlement shall be

23  consistent with this Settlement. The Settlement Parties shall make all such agreements available to

24  the other Settlement Parties within a reasonable time of execution and upon request, subject to

25  exemptions under the Freedom of Information Act and the California Public Records Act, as

26  applicable. The Parties will develop procedures for providing notice to one another of such

27  agreements.

28

9

REMY, THOMAS, MOOSE and
MANLEY, LLP
455 Capitol Mall, Suite 210
Sacramento, CA 95814
RESTATED STIPULATION OF SETTLEMENT BETWEEN PLAINTIFFS AND YCWA; [AMENDED PROPOSED] ORDER
No.: 2:06-CV-02845-LKK-JFM

PDF created with pdfFactory trial version www.pdffactory.com

21.      In the event of any action by third parties to challenge the terms and conditions of this Settlement, Plaintiffs will cooperate with YCWA in a vigorous defense of such action as necessary.

22.      This Settlement is executed solely for the purpose of compromising and settling Plaintiffs claims relating to the Brophy Diversion and against YCWA in this Action, and nothing herein shall be construed as a precedent in any other context.  This Settlement shall bind the Settlement Parties only as may be necessary to implement the terms of this Settlement.  All Settlement Parties understand and agree that nothing in this Settlement, or in the execution of the following Stipulated Order, shall constitute or be construed as an admission by any party of any inadequacy or impropriety in connection with the allegations contained in this Action, including but not limited to any violations of the ESA or whether incidental take authorization exists for the Brophy Diversion.  Nothing in this Settlement shall be construed or offered in evidence in any proceeding as an admission or concession of wrongdoing, liability, or any issue of fact or law concerning the claims settled under this Settlement.

23.      The Settlement Parties understand and acknowledge that, in the context of approving any project(s) required under this Settlement, including the proposed MOU and potential project regarding partially filling in the channel leading to the Brophy Diversion, YCWA cannot guarantee the ultimate outcome of any public hearing before the YCWA Board, nor prevent any opposition thereto by members of the public or other agencies affected by or interested in said project(s).  The Parties further understand and acknowledge that: (a) the approval of project(s) under this Settlement may be subject to procedural or substantive obligations under CEQA and possibly other laws potentially applicable to such approvals; (b) nothing in this Stipulated Order/Settlement is intended to constrain YCWA's consideration of said project(s) in light of information obtained or developed pursuant to these laws; and (c) YCWA retains the discretion to approve, conditionally approve, or reject said project(s) in light of such information.  Subject to the foregoing, YCWA, to the extent allowed by law, shall diligently proceed with any project(s) required by this Settlement, including all necessary environmental actions, without unnecessary delay.  YCWA shall send to Plaintiffs, through its legal counsel, copies of the public hearing

10

PDF created with pdfFactory trial version www.pdffactory.com

1  notices for all actions relating to project(s) undertaken pursuant to this Settlement that require

2  public hearings before the YCWA Board.

3  24.      The Parties reserve the right to amend this Settlement upon mutually agreeable terms to

4  comply with any subsequent order issued by a court of competent jurisdiction concerning the

5  operation of the Brophy Diversion.

6  25.       Except as provided in this Settlement, this Settlement shall be governed by, and construed

7  and enforced in accordance with, and pursuant to, the laws of the United States of America and

8  State of California.

9  26.      The Parties shall each: (a) execute all such additional documents as may reasonably be

10  necessary or desirable to carry out the provisions of this Settlement, and (b) in good faith

11  undertake all reasonable efforts to effectuate the provisions of this Settlement.

12  27.      This Settlement is binding upon and shall inure to the benefit of each of the Settlement

13  Parties, and their respective agents, employees, representatives, officers, directors, parents,

14  subsidiaries, divisions, affiliates, heirs, executors, estates, administrators, predecessors, successors

15  and assigns. Except as provided in this Paragraph 27, this Settlement is not intended to, and shall

16  not be interpreted in a manner so as to confer rights on any person or entity that is not a Settlement

17  Party hereto, or to create intended or expected third party status on any such non-Settlement Party.

18  28.      The Settlement Parties each agree that this Settlement is contractual in nature, not a mere

19  recital. This Settlement constitutes the final, complete, and exclusive agreement and understanding

20  among the Settlement Parties with respect to this Settlement, and supersedes all prior agreements

21  and understandings, whether oral or written, concerning the subject matter hereof.  No other

22  document, nor any representation, inducement, agreement, understanding or promise constitutes

23  any part of this Settlement or the settlement it represents, nor shall it be used in construing this

24  Settlement.

25  29.      The Settlement Parties each acknowledge that: (a) it has been represented by counsel

26  throughout all of the negotiations that preceded execution of this Settlement, and (b) it has

27  executed this Settlement in consideration of the advice of such legal counsel.  For the purposes of

28  construing this Settlement, neither Party will be deemed to be the drafter of it.

11

REMY, THOMAS, MOOSE and
MANLEY, LLP
455 Capitol Mall, Suite 210

PDF created with pdfFactory trial version www.pdffactory.com

30.     For purposes of this Settlement, each of the Parties shall designate a point of contact, or change thereto, for all notices and consultations required by this Settlement. The initial points of contacts so designated are:

**Plaintiffs:**

Christopher Sproul
Brian Orion
Environmental Advocates
5135 Anza Street
San Francisco, CA 94121
Phone:  (415) 533-3376
Fax:  (415) 358-5695
E-mail: csproul@enviroadvocates.com
Email:  borion@enviroadvocates.com

**YCWA**:

Whitman F. Manley
Howard F. Wilkins III
Remy, Thomas, Moose and Manley, LLP
455 Capitol Mall, Suite 210
Sacramento, California  95814
Telephone:  (916) 443-2745
Facsimile:  (916) 443-9017
Email:  wmanley@rtmmlaw.com
Email:  cwilkins@rtmmlaw.com

31.     This Settlement may be executed in counterparts.

32.     This Settlement may only be modified in writing upon agreement of the Settlement Parties.

///

///

///

///

///

///

///

///

///

12

RESTATED STIPULATION OF SETTLEMENT BETWEEN PLAINTIFFS AND YCWA; [AMENDED PROPOSED] ORDER
No.: 2:06-CV-02845-LKK-JFM

PDF created with pdfFactory trial version www.pdffactory.com

1    33.    The Settlement Parties agree to entry of an Order approving this Settlement, in the form

2    below.

3    Dated:  June 12, 2009

4                                            By:    /s/ Howard F. Wilkins III

5                                                   HOWARD F. WILKINS III
                                                    Remy, Thomas, Moose and Manley, LLP
6                                                   455 Capitol Mall, Suite 210
                                                    Sacramento, Ca. 95814
7                                                   Phone: (916) 443-2745
                                                    Fax:  (916) 443-9017
8                                                   E-mail: cwilkins@rtmmlaw.com
9                                                   Attorneys for Defendant YCWA

10

11                                           By:    /s/ Christopher Sproul (as authorized on 6/12/09)

12                                                  CHRISTOPHER SPROUL
                                                    Environmental Advocates
13                                                  5135 Anza Street
                                                    San Francisco, California 94121
14                                                  Telephone: (415) 533-3376
                                                    Facsimile: (415) 358-5695
15                                                  E-mail: csproul@enviroadvocates.com
16                                                   Attorneys for Plaintiffs SOUTH YUBA RIVER
                                                    CITIZENS LEAGUE and FRIENDS OF THE
17                                                  RIVER

18

19

20

21

22

23

24

25

26

27

28

REMY, THOMAS, MOOSE and
MANLEY, LLP
455 Capitol Mall, Suite 210
Sacramento, CA 95814

RESTATED STIPULATION OF SETTLEMENT BETWEEN PLAINTIFFS AND YCWA; [AMENDED PROPOSED] ORDER
No.: 2:06-CV-02845-LKK-JFM

PDF created with pdfFactory trial version www.pdffactory.com

## **ORDER**

Plaintiffs South Yuba River Citizens League and Friends of the River, and defendant Yuba County Water Agency, have jointly requested approval by this Court of a proposed settlement of Plaintiffs' claims in the Sixth Amended Complaint relating to the Brophy Diversion and against Yuba County Water Agency on the terms and conditions set forth in the preceding Stipulation of Settlement.  The Court is familiar with the issues and the parties' positions with respect thereto and has reviewed the Stipulation of Settlement

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Stipulation of Settlement above, incorporated herein by reference, be and hereby is approved.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that all obligations set forth in the Stipulation of Settlement shall be performed in accordance with the terms of the Stipulation of Settlement.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Plaintiffs' claims in their renewed motion for preliminary injunction (Document No. 260) that request any relief relating to the Brophy Diversion or against YCWA are deemed to be withdrawn and will not be considered by the Court.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Plaintiffs' claims in the Sixth Amended Complaint against Yuba County Water Agency, including the Sixth Cause of Action, and any claims for relief relating to the Brophy Diversion in this action, are dismissed with prejudice.  YCWA will remain in this action as an Intervenor Defendant for all purposes.


DATED:   June 15, 2009.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

REMY, THOMAS, MOOSE and
MANLEY, LLP
455 Capitol Mall, Suite 210
Sacramento, CA 95814

14

RESTATED STIPULATION OF SETTLEMENT BETWEEN PLAINTIFFS AND YCWA; [AMENDED PROPOSED] ORDER
No.: 2:06-CV-02845-LKK-JFM

PDF created with pdfFactory trial version www.pdffactory.com

1   **<u>CERTIFICATE OF SERVICE</u>**

2          I hereby certify that a true and correct copy of the foregoing will be e-filed on June 12,

3   2009, and will be automatically served upon counsel of record, all of whom appear to be

4   subscribed to receive notice from the ECF system.

5                                    /s/ Howard F. Wilkins III
                                     HOWARD F. WILKINS III
6                                    Remy, Thomas, Moose and Manley, LLP
                                     455 Capitol Mall, Suite 210
7                                    Sacramento, CA 95814
                                     Telephone: (916) 443-2745
8                                    Facsimile:  (916) 443-9017
                                     cwilkins@rtmmlaw.com
9                                    Attorneys for Defendant YCWA

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REMY, THOMAS, MOOSE and
MANLEY, LLP
455 Capitol Mall, Suite 210
Sacramento, CA 95814

RESTATED STIPULATION OF SETTLEMENT BETWEEN PLAINTIFFS AND YCWA; [AMENDED PROPOSED] ORDER
No.: 2:06-CV-02845-LKK-JFM

PDF created with pdfFactory trial version www.pdffactory.com