1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11  SOUTH YUBA RIVER CITIZENS
    LEAGUE and FRIENDS OF THE
12  RIVER,
                                    NO. CIV. S-06-2845 LKK/JFM
13
           Plaintiffs,
14
        v.                                  O R D E R
15
    NATIONAL MARINE FISHERIES
16  SERVICE, et al.,

17         Defendants.

18  _____/

19       On September 2, 2008, the Court granted a stipulation to

20  bifurcate the instant action into a liability phase and a remedy

21  phase. (ECF No. 165). In this stipulation, the parties agreed "to

22  withdraw pending discovery and refrain from serving further

23  discovery and designating experts relating solely to remedies until

24  such time as the Court may issue an order addressing any remedies

25  phase of this case." (Id. at 2). The parties clarified, however,

26  that preliminary injunctive relief may be sought during the

                                    1

1  liability phase. (Id. at 1).

2      On July 8, 2010, the Court granted in part and denied in part

3  plaintiffs' and defendants' motions for summary judgment as to

4  liability. (ECF No. 316). The Court noted that, "[I]t is unclear

5  whether a preliminary injunction is necessary to avoid harms

6  pending litigation of a permanent remedy." (Id. at 74). The court

7  continued, to reason that:

> The court is reluctant to distract the parties from
> litigating final remedy by ordering further briefing on
> this issue. Nonetheless, the court directs the parties
> to submit supplemental briefing on whether, in light of
> the passage of time, the particular injunction requested
> by plaintiffs is necessary to avoid irreparable injury
> pending adoption of a final remedy.

12  (Id.) Thus, the Court ordered supplemental briefing on whether

13  preliminary relief was necessary prior to litigation of a final

14  remedy.

15      Plaintiffs did not address the scope of the supplemental

16  briefing, and sought permanent relief in their supplemental

17  briefing. Specifically, plaintiffs contend that, "[T]he Court must

18  evaluate the harms from now until August 2011, the date when NMFS

19  issues a new biological opinion, plus six months to ensure the

20  Corps demonstrates a track record of compliance." (Plaintiffs'

21  Supplemental Reply Brief, ECF No. 325, at 10). Such is simply not

22  the case. The Court would only consider whether any relief is

23  necessary to prevent irreparable injury from occurring before

24  litigation of a final remedy is complete. Because of plaintiffs'

25  approach to the supplemental briefing, they provided no evidence

26  or even argument as to why the preliminary relief they seek must

be awarded to avoid irreparable injury from occurring within the relevant time frame. Rather, they argue that irreparable injury may occur before August 2011, a date derived from plaintiffs' proposed "preliminary" injunction requiring NMFS to issue a new BiOp by February 4, 2011. In so doing, plaintiffs are seeking that this court award permanent relief in the form of a preliminary injunction and to tether its grant of interim measures to the premature award of permanent relief. The Court specifically instructed plaintiffs to inform it of whether the particular injunction requested by them is necessary to avoid irreparable injury pending adoption of a final remedy. Plaintiffs did not meet this burden. The federal defendants and the intervening defendants highlighted this problem in their responsive briefs.[1] The Court, therefore, denies plaintiffs' motion for a preliminary injunction without prejudice.

Also in the July 8, 2010 order, the Court granted plaintiffs' motion for summary judgment on their third Claim, finding that the National Marine Fisheries Service ("NMFS") acted arbitrarily and capriciously in reaching the Biological Opinion's ("BiOp") no-jeopardy and no adverse modification conclusions, and in issuing the incidental take statement ("ITS"). The Court also denied the federal defendants' motion for summary judgment on plaintiffs' Claim 4B, which alleges that the Army Corps of Engineers ("Corps")

---

[1] Additionally, the federal defendants proposed a briefing schedule on remedy. After submitting this brief, the parties engaged in settlement discussions, which make the proposed schedule no longer applicable.

1  violated the terms and conditions of the ITS, on the grounds that

2  there is a disputed question of material fact as to this Claim. In

3  light of these findings, the Court ordered the parties to brief the

4  question of whether Claim 4B, if successful, would entitle

5  plaintiffs to any remedy beyond that available under Claim 3. The

6  parties agree that Claim 4B could not entitle plaintiffs to any

7  remedy beyond that available under Claim 3, and that trial on Claim

8  4B is not necessary at this time. Plaintiffs, however, are hesitant

9  to dismiss this Claim because they want to preserve their right to

10  try Claim 4B if the Court's decision on Claim 3 is reversed or

11  modified on appeal.

12      Under the doctrine of prudential mootness, district courts may

13  dismiss a claim where "not technically moot," but nonetheless where

14  "circumstances [have] changed since the beginning of litigation

15  that forestall any occasion for meaningful relief." Hunt v.

16  Imperial Merchant Servs., Inc., 560 F.3d 1137 (9th Cir. 2009)

17  (internal quotations omitted) (alluding to, but not adopting

18  doctrine of prudential mootness), see also Wallis v. Indymac

19  Federal Bank, ___ F. Supp. 2d ____, No. C09-5500-BHS, 2010 WL

20  2342530, at *3-5 (W.D. Wash. June 8, 2010) (providing overview of

21  doctrine of prudential mootness); Sierra Club v. Babbitt, 60 F.

22  Supp. 2d 1202, 1244 (E.D. Cal. 1999) (applying doctrine of

23  prudential mootness). Here, the Court has found liability for

24  defendants on Claim 3. The parties admit that Claim 4B, if

25  successful, will not provide for any further relief than Claim 3.

26  Accordingly, reaching the merits of Claim 4 will not potentially

serve to award plaintiffs meaningful relief. Thus, the court dismisses Claim 4B without prejudice as prudentially moot.[2]

For the foregoing reasons, the court ORDERS as follows:

(1)   Plaintiffs' motion for a preliminary injunction (ECF No. 260) is DENIED WITHOUT PREJUDICE.

(2)   The hearing on plaintiffs' motion, set for November 22, 2010, is VACATED.

(3)   Plaintiffs' Claim 4B is DISMISSED WITHOUT PREJUDICE as prudentially moot.

(3)   A status conference is SET for November 22, 2010 at 3:00 p.m. At this conference, the parties shall be prepared to set a schedule for discovery necessary, if any, for remedy and for briefing final remedy. All interested parties shall submit status reports of no more that five pages by Thursday, November 18, 2010 at 12:00 p.m.

IT IS SO ORDERED.

DATED: November 16, 2010.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[2] This dismissal does not prevent plaintiffs from raising the merits of Claim 4B on appeal or from moving the District Court for relief from judgment upon reversal of its decision as to Claim 3.

5