UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SOUTH YUBA RIVER CITIZENS
LEAGUE and FRIENDS OF THE
RIVER,

        NO. CIV. S-06-2845 LKK/JFM

    Plaintiffs,

  v.                             O R D E R

NATIONAL MARINE FISHERIES
SERVICE, et al.,

    Defendants.
                               /

    Plaintiffs successfully challenged a Biological Opinion issued by the National Marine Fisheries Service related to two dams on the South Yuba River operated by the Army Corps of Engineers.

    Pending before the court is Plaintiffs' motion for a supplemental order directing the Federal Defendants to pay the attorneys' fees and costs awarded by the court. Pls' Mot., ECF No. 491.

    For the reasons provided below, the court denies Plaintiffs' motion.

1

**I. BACKGROUND**

On March 27, 2012, this court determined that Plaintiffs are "entitled to recover fees and costs in the amount of $1,875,951.20 from the federal defendants." Order, ECF No. 469.

By order issued on May 31, 2012, this court awarded Plaintiffs $1,705 in supplemental fees and required Defendants to "pay all fees due no later than ninety (90) days from the issuance of th[e] order, and . . . file a declaration with the court stating that they have done so." Order, ECF No. 475, at 4.

On July 30, 2012, Defendants filed a notice of appeal of this court's May 31, 2012 order, as well as "all interlocutory orders and decisions contributing to that order, including, but not limited to, Docket No. 469 (March 27, 2012)." Defs' Notice of Appeal, ECF No. 481.

On July 30, 2012, Defendants filed a "motion for stay of the May 31, 2012 order pending the outcome of any appeal if authorized" by the Solicitor General. Defs' Mot., ECF No. 482, at 2. In the alternative, Defendants requested that the court "modify its order . . . to require Federal Defendants to submit a request to the Treasury Department for the payment of all fees due by August 27, 2012" because the "disbursement of judgment appropriations is neither controlled nor administered by Federal Defendants or the Department of Justice" and, instead, "the actual 'payment of final judgments rendered by a district court . . . against the United States shall be made on settlements by the Secretary of the Treasury.'" Id. (citing 28 U.S.C. § 2414).

1    On August 29, 2012, the court granted Federal Defendants'
2 motion for modification of the court's May 21, 2012 order.  The
3 court provided, "The language of the Order is modified to require
4 Federal Defendants to submit a request to the Treasury Department
5 for the payment of all fees due by September 4, 2012.  Within 30
6 days of the issuance of this order, defendants SHALL inform the
7 court of the status of the payment to plaintiffs."  Order, ECF No.
8 490.

9    On September 28, 2012, Federal Defendants filed a notice
10 informing the court of the status of the payment of attorneys' fees
11 to Plaintiffs.  Defs' Notice, ECF No. 494.  Federal Defendants
12 attested, inter alia, that: (1) "[t]he Justice Department submitted
13 the required forms to the Judgment Fund Branch of the Financial
14 Management Service, a bureau of the U.S. Department of the
15 Treasury, and pursuant to the Court's modified order, on September
16 4, 2012, requested payment of the Court-awarded attorney fees and
17 costs"; and (2) "[c]ounsel for Federal Defendants and [the
18 Financial Management Service, a bureau of the U.S. Department of
19 the Treasury] had a telephonic conference with Plaintiffs' counsel
20 on September 27, 2012," during which "government counsel explained
21 that Treasury is statutorily prohibited from paying the fee order
22 at this time because Federal Defendants had appealed that order,
23 and it was thus not a 'final judgment' as Congress had defined the
24 term for purposes of certifying payment from the Judgment Fund."
25 Oliphant Decl., ECF No. 494, Att. 1, at 2.

26    Federal Defendants also submitted a letter from Michael

Collota, Deputy Chief Counsel of the Department of the Treasury, Financial Management Service, to S. Jay Govindan, Assistant Chief of the U.S. Department of Justice, Environmental & Natural Resources Division, addressing why Federal Defendants' submitted claim for attorneys fees and costs had been rejected. Collota Letter, ECF No. 494, Att. 1, at 5. Collota stated:

> [T]he fact that this award of attorney fees has been appealed by the Government means that it is not a final judgment for Judgment Fund purposes. As with any other appropriation, the Judgment Fund is limited in use to the specific purpose (or purposes) that Congress has specified. Here, the Judgment Fund appropriation is limited to the payment of "final judgments." . . . . Since the Government has noticed an appeal of this judgment, it is not final and the Judgment Fund appropriation is not legally available to pay it.

Id.

On September 20, 2012, Plaintiffs filed the instant motion for a supplemental order on attorneys fees and costs. Pls' Mot., ECF No. 491. Plaintiffs contend that this court's August 29, 2012 order implicitly "denied the Federal Defendants' request for a stay" of the orders awarding fees and costs pending appeal. Id. at 3. Plaintiffs further contest the Treasury Department's denial of payment pending appeal of the fee award and argue that "[t]he United States has thus unilaterally granted itself the stay of the obligation to pay the attorneys fees and costs pending its Ninth Circuit appeal that the Federal Defendants sought from this Court and which this Court denied." Id. at 4. Plaintiffs seek an order "clarifying that the Treasury Department cannot decide unilaterally to grant the United States a stay of the obligation to pay the

4

attorneys fees and costs awarded by the Court and that the Treasury Department must instead pay the attorneys fees and costs by a date certain." Id. at 5.

## II. ANALYSIS

As a preliminary matter, the court finds that the Federal Defendants have complied with the court's August 29, 2012 order by submitting a request to the Treasury Department for the payment of all fees due by September 4, 2012, and by informing the court of the status of the payment to Plaintiffs. Because Federal Defendants do not control or administer the disbursement of judgment appropriations, the court declines to require a date certain for the payment of attorneys fees and costs.

What remains at issue, however, is the Treasury Department's refusal to pay the attorneys fees and costs ordered by this court, based on its interpretation of 31 U.S.C. § 1304 and 28 U.S.C. § 2414.

The Judgment Fund statute, 31 U.S.C. § 1304, provides in pertinent part that "(a) Necessary amounts are appropriated to pay final judgments, awards, compromise settlements, and interest and costs specified in the judgments or otherwise authorized by law when-(3) the judgment, award, or settlement is payable . . . (A) under section 2414 . . . of title 28."

Section 2414 provides that "payment of final judgments rendered by a district court . . . against the United States shall be made on settlements by the Secretary of the Treasury" and that "[w]henever the Attorney General determines that no appeal shall

be taken from a judgment or that no further review will be sought from a decision affirming the same, he shall so certify and the judgment shall be deemed final."

The parties contest the implications of Rosenfeld v. United States, 859 F.2d 717 (9th Cir. 1988), in which the Ninth Circuit interpreted the "final judgment" provisions of the Judgment Fund statute and Section 2414, as applied to the situation here presented.

In Rosenfeld, the Ninth Circuit reviewed the propriety of a district court's grant of an interim fee award against the government in an action arising under the Freedom of Information Act ("FOIA"). On appeal, the government argued that, in violation of its sovereign immunity, the district court had lacked jurisdiction to order it to pay an interim fee award because 31 U.S.C. § 1304(a) permits payment only when a judgment is final under 28 U.S.C. § 2414, and an interim fee award does not become a "final judgment" for purposes of 31 U.S.C. § 1304 and 28 U.S.C. § 2414 until the Attorney General certifies an intention not to appeal or exhausts the government's appeals. Id. at 726. The Ninth Circuit reasoned that "[i]f attorney fee awards cannot be paid until a final judgment is rendered, and if interim fee awards are not appealable orders, then payment of interim awards may be postponed until the conclusion of the litigation, rendering them no longer 'interim'" and, thus, "making nonsense of the concept of an interim award." Id. at 726, 727. Thus, the Circuit determined that "[s]ince Congress waived sovereign immunity from attorney's

fees in the FOIA actions . . . no additional waiver is required for interim fees.  The Judgment Fund statute is not a superseding limitation on the government's waiver of sovereign immunity." Id. at 726-27.  The Ninth Circuit further provided:

> The government's insistence that the Judgment Fund is the only possible source of payment of an interim fee award is simply wrong. The Judgment Fund statute is itself a mechanism for facilitating payment of judgments, not a further limitation on the United States' waivers of sovereign immunity. . . . We also note that when a court has rejected the Judgment Fund argument, the government has managed to pay the interim fee award.

Id. at 727 (citing Jurgens v. EEOC, 660 F.Supp. 1097, 1102 (N.D.Tex. 1987) ("When faced with a citation for contempt of court, however, the defendants in Shafer [v. Commander, Army & Air Force Exchange Service, No. CA 3-76-1246-R, 1985 WL 9492 (N.D.Tex. Dec. 3, 1985)] made immediate payment. The court believes that the EEOC can also arrange for immediate payment of this court's interim award."); see also Trout v. Garrett, 891 F.2d 332, 335 (D.C.Cir. 1989) (finding that the "payment of final judgments" language in section 2414, incorporated by reference into the Judgment Fund statute, was not designed "to retract or limit duly enacted waivers of sovereign immunity"); but see Office of Personnel Management v. Richmond, 496 U.S. 414, 430, 110 S.Ct. 2465, 110 L.Ed.2d 387 (1990) ("[I]t would be most anomalous for a judicial order to require a Government official . . . to make an extrastatutory payment of federal funds.  It is a federal crime, punishable by fine and imprisonment, for any Government officer or employee to knowingly spend money in excess of that appropriated by Congress.").

1    Here, the attorneys fees and costs awarded to Plaintiffs were
2 not an award of interim fees, but instead, were awarded following
3 a final judgment on the merits of Plaintiff's case.  The Ninth
4 Circuit's holding in <u>Rosenfeld</u> is, therefore, not applicable to the
5 situation here presented.  In observance of the "final judgment"
6 provisions of 31 U.S.C. § 1304 and 28 U.S.C. § 2414, the court
7 stays the fee award pending resolution of Defendants' appeal.[1] [2]

### III. CONCLUSION

Accordingly, the court ORDERS as follows:

[1] Plaintiffs' motion for a supplemental order directing the Federal Defendants to pay the attorneys' fees and costs awarded by the court, ECF No. 491, is DENIED.

[2] Final Judgment in this case has been entered, as of issuance of this court's May 31, 2012 Order, ECF No. 475.

[3] The fee awards set forth in the court's March 27, 2012 and May 31, 2012 orders are STAYED pending resolution of Defendants' appeal.

[4] The parties SHALL notify the court upon resolution of the Federal Defendants' appeal or, if the Office of

---

[1] In doing so, the court does not concur with the Treasury Department's view, that it is free to disregard a court order. Rather, unlike the executive branch, this court sees little point in initiating a crisis between the judiciary and the executive branch. Nonetheless, those in the executive branch ought not to take this as a precedent.

[2] To think that an unauthorized appeal supports the Treasury's position is, to say the least, remarkable.

8

```
               the Solicitor General decides not to approve Federal
               Defendants' appeal, upon the withdrawal of such
               appeal.
     [5]  The motion hearing currently set for November 5, 2012
               at 10:00 a.m. is VACATED.
     IT IS SO ORDERED.
     DATED: November 1, 2012.


                         /s/ Lawrence K. Karlton
                         LAWRENCE K. KARLTON
                         SENIOR JUDGE
                         UNITED STATES DISTRICT COURT
```